The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II, the briefs and oral arguments before the Full Commission and the additional deposition testimony after re-opening of the record. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission modifies and affirms the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. An employer-employee relationship existed between the defendant employer and the plaintiff at all relevant times herein.
3. Wausau Insurance Company provided workers' compensation insurance for defendant employer at all relevant times herein.
4. Plaintiff sustained a compensable injury by accident to his back while in the course and scope of his employment with defendant employer on 11 June 1991. Defendants have paid compensation to plaintiff for a period of 233 weeks in the amount of $63,432.78.
5. Deputy Commissioner Lorrie L. Dollar heard this case on February 16, 1993, at which time a Pre-trial Agreement was filed. Deputy Commissioner Dollar filed an Opinion and Award pursuant to said hearing on January 10, 1995 awarding plaintiff continuing temporary total disability compensation until such time as he returned to work or until further orders of the Industrial Commission, and ordering defendants to continue to provide vocational rehabilitation efforts to plaintiff to return him to work. Plaintiff appealed to the Full Commission. The Full Commission filed its Opinion and Award on June 12, 1995 affirming Deputy Commissioner Dollar and plaintiff appealed to the North Carolina Court of Appeals. The Court of Appeals entered its decision on April 16, 1996 affirming the Opinion and Award of the Full Commission.
6. Defendants filed a Form 24 Application to Terminate or Suspend payment of compensation to plaintiff dated November 21, 1995. Plaintiff filed a response dated December 4, 1995. An Administrative Decision and Order was entered and filed on December 29, 1995 by Special Deputy Commissioner W. Bain Jones, Jr., and Special Deputy Commissioner Martha W. Lowrance suspending plaintiff's compensation from September 12, 1995 until plaintiff had pursued reinstatement of his driving privileges.
7. Plaintiff filed a Form 33 Request asking that the matter be heard before a Deputy Commissioner. The form was filed on January 2, 1996, with objections and exceptions to the Administrative Decision and Order of December 29, 1995. On January 10, 1996 defendants filed a Form 33R response to plaintiff's request for a hearing.
8. Plaintiff filed a Motion for Reconsideration of the Administrative Decision and Order dated January 17, 1996. The motion was denied by Order dated January 29, 1996, by Special Deputy Commissioner W. Bain Jones, Jr.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendants filed a Form 24 Application on or about 21 November 1995, with the North Carolina Industrial Commission.
2. Plaintiff appealed the Opinion and Award of both the Deputy Commissioner and the Full Commission, both of which contained findings that plaintiff had lost his driver's license in 1985 as a result of driving-while-impaired convictions. The plaintiff had not made any effort to have his driving privileges reinstated although he was eligible for the same.
3. The Deputy Commissioner, the Full Commission and the Court of Appeals also concluded that while plaintiff had cooperated with vocational rehabilitation efforts, he failed to improve upon his employability by not making any attempt to have his revoked driving privileges restored. However, the plaintiff was hired by the defendant from October 1989 to August 1990 and from February 1991 up until the 11 June 1991 injury even though the plaintiff had not held a drivers license since 1985.
4. The plaintiff first testified on February 16, 1993, that he was eligible to have his driving privileges reinstated. After the hearing in early 1993, the defendants employed a vocational rehabilitation specialist to help the plaintiff find employment. Plaintiff made no effort whatsoever to have his driving privileges restored in 1993 or in 1994, even though the vocational specialist discussed the issue and told him it would help him in finding a job. The Opinion and Award filed on January 10, 1995, requires that plaintiff "shall also pursue reinstatement of his driving privileges to assist in job placement efforts." Despite the clear order of the Commission, plaintiff made no effort in 1995 to have his driving privileges restored. Based on his lack of cooperation, the defendants suspended vocational rehabilitation efforts. Based on his admitted failure to comply with the order of the Commission, payment of workers' compensation benefits was suspended following a Form 24 administrative hearing.
5. In July 1996, plaintiff's attorney wrote a letter to begin the process of having the plaintiff's driving privileges restored. Finally, on October 5, 1998, five years and nine months after the first hearing, the plaintiff was able to have a drivers' license, after spending a lot of money and going to four different courts to have hearings on four outstanding warrants for driving while his license was permanently revoked. Plaintiff complied with the Industrial Commission order topursue drivers license reinstatement when his attorney began the process in July 1996 and that is when the suspension of his workers compensation benefits must cease.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's workers compensation disability benefits should be suspended from September 12, 1995 until July 1996 for failure of plaintiff to pursue drivers license reinstatement. As of July 1996 the plaintiff had complied with the prior order of the Commission and then became entitled to a continuation of temporary total disability compensation from July 1996 until such time as he returns to work or until further orders from the Commission. N.C.G.S. § 97-29.
2. Plaintiff should continue to cooperate with vocational rehabilitation efforts, and defendants should pursue retraining efforts to assist the plaintiff in returning to the workforce.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall reinstate temporary total disability compensation to plaintiff as of July 1996, the date when plaintiff complied with the order to pursue reinstatement of his drivers license. Compensation that has accrued up until the date of this award shall be paid in a lump sum, subject to attorney fees set forth below, with interest at 8 percent per year. Thereafter weekly compensation shall be paid and defendants shall pay every fourth check directly to plaintiff's attorney.
2. Defendants shall continue to provide vocational rehabilitation efforts to return plaintiff to work and plaintiff shall cooperate with same.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth check shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs of this action.
This 21st day of August 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER